IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CROWN NURSERY, LLC, | ) | |
| | ) | 2:11-cv-02425-GEB-CMK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>ORDER TO SHOW CAUSE RE:</u> |
| | ) | <u>FEDERAL SUBJECT MATTER</u> |
| FEDERAL CROP INSURANCE | ) | <u>JURISDICTION</u> |
| CORPORATION, BOARD OF DIRECTORS, | ) | |
| DR. JOSEPH GLAUBER, CHAIRMAN; | ) | |
| RISK MANAGEMENT AGENCY, AN | ) | |
| AGENCY OF THE UNITED STATES | ) | |
| DEPARTMENT OF AGRICULTURE, | ) | |
| OFFICE OF ADMINISTRATOR WILLIAM | ) | |
| J. MURPHY, ADMINISTRATOR; RURAL | ) | |
| COMMUNITY INSURANCE COMPANY; | ) | |
| RURAL COMMUNITY INSURANCE | ) | |
| AGENCY, INC.; and DOES I through | ) | |
| XX, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendants state in their Further Status Report filed February 13, 2012, "that as currently plead, the Court lacks subject matter jurisdiction," over this action. (Defs.' Further Status Report ("FSR") 2:28-3:2.)

> The Court's first consideration in reviewing any action is whether it has subject matter jurisdiction over the action. A federal court is a court of limited . . . jurisdiction which is authorized by the Constitution or Congress to hear only certain types of actions. . . .
>
> It is a plaintiff's responsibility in a federal civil action to set forth in the complaint the basis for the Court's subject matter jurisdiction. Furthermore, Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a complaint must contain a short and plain statement of the grounds for the court's jurisdiction.

1

1  Welch v. Holder, No. 09-0534-WS-C, 2009 WL 4898357, at *3 (S.D. Ala.
2  Dec. 14, 2009)(internal citations, quotation marks, and brackets
3  omitted). Further, "[t]he party seeking to invoke the court's
4  jurisdiction bears the burden of establishing that jurisdiction exists."
5  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).
6         While Plaintiff has cited a federal regulation and final
7  agency determination in its complaint, Plaintiff has not shown on what
8  basis the cited law provides a "ground[] for the court's
9  jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Specifically, Plaintiff
10 alleges in paragraph eight of its Complaint that it is "seek[ing] review
11 of RMA's Final Agency Determination 094 (FAD-094), an interpretation of
12 Section 8 of the Nursery Crop Insurance Provisions (published at 7 CFR
13 457.162)." (ECF No. 1, 3:6-8.) Further, the sixth paragraph of the
14 complaint contains the following conclusory allegation: "jurisdiction is
15 proper pursuant to 28 USC section 1331 and 28 USC section 2201." Id. at
16 2:24-26.
17        28 U.S.C. § 1331 confers subject matter jurisdiction over "all
18 civil actions arising under the Constitution, laws, or treaties of the
19 United States." Nothing in the complaint indicates this case concerns
20 the Constitution or a treaty of the United States. Moreover,
21 notwithstanding Plaintiff's contrary allegation, § 1331 alone does not
22 confer subject matter jurisdiction since it is a "general
23 federal-question jurisdiction statute [which] is applicable only when
24 the plaintiff sues under a federal statute that creates a right of
25 action in federal court." Williams v. United Airlines, Inc., 500 F.3d
26 1019, 1022 (9th Cir. 2007). Therefore, Plaintiff's conclusory statement
27 that jurisdiction is based on § 1331 is insufficient.
28

Further, Plaintiff's citation to 28 U.S.C. §§ 2201 does not establish subject matter jurisdiction, since "the Declaratory Judgment Act[, codified at 28 U.S.C. §§ 2201 and 2202,] does not itself confer federal subject matter jurisdiction but merely provides an additional remedy in cases where jurisdiction is otherwise established." City of Colton v. Am. Promotional Events, Inc., 614 F.3d 998, 1006 (9th Cir. 2010) (internal quotation marks omitted).

Therefore, Plaintiff shall explain the basis of subject matter jurisdiction in a filing due on or before March 5, 2012; any response to this filing shall be filed on or before March 19, 2012; any reply shall be filed on or before March 26, 2012. A hearing on the subject matter jurisdiction issue is scheduled to commence at 9:00 a.m. on April 16, 2012.

Further, in light of the briefing schedule regarding the subject matter jurisdiction issue, the Status (Pretrial Scheduling) Conference currently scheduled for 9:00 a.m. on February 23, 2012, is continued to May 21, 2012, at 9:00 a.m. A further joint status report shall be filed no later than fourteen (14) days prior to the Status Conference.

Dated: February 16, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge